IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CARMEN ACOSTA-SANCHEZ,**

    **Plaintiff,**

        v.                                                                        **CIVIL NO. 13-1947 (PAD)**

**PUERTO RICO POLICE
DEPARTMENT, et al.**

    **Defendants.**

## MEMORANDUM AND ORDER

Before the court is codefendant Héctor Pesquera's "Motion to Dismiss Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure and Special Appearance, for the Sole Purpose of this Motion, on Behalf of Codefendant Hector Pesquera" (Docket No. 46). The motion is DENIED for lack of good cause and absence of excusable neglect to justify the codefendant's request.

### I. BACKGROUND

On December 24, 2013, plaintiff initiated this action against the Puerto Rico Police Department and individual defendants, alleging violations to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623; the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). On December 23, 2014, defendants – including Hector Pesquera – answered the complaint (Docket No. 23).

On January 16, 2015, the court issued a Case Management Order ("CMO") granting the parties, *inter alia*, until March 2, 2015 to file any motions to dismiss; until October 30, 2015 to complete discovery; and until November 20, 2015 to move for summary judgment (Docket No. 27). On October 1, 2015, defendants moved to amend the existing deadlines so as to allow the parties (1) until November 30, 2015 to conduct discovery; (2) until December 21, 2015 to move

for summary judgment; and (3) until January 21, 2015 to oppose any such motion for summary judgment. No extension of time to file motions to dismiss was sought (Docket No. 39). Defendants' request was granted as requested (Docket No. 40).

On November 30, 2015, defendants moved to further extend (1) the discovery deadline until January 15, 2016; (2) the deadline to move for summary judgment until February 15, 2015; and (3) the deadline to oppose any motion for summary judgment until March 7, 2015 (Docket No. 41). That request was reiterated on December 7, 2015 (Docket No. 44). In neither Docket No. 41 nor Docket No. 44 did defendants move to extend the deadlines to file motions to dismiss.

On December 8, 2015, the court granted defendants' motion, and correspondingly granted the parties until January 21, 2016 to conduct discovery; until February 22, 2016 to move for summary judgment; and until March 21, 2016 to oppose any motion for summary judgment (Docket No. 46). On December 9, 2015, Pesquera moved to dismiss the claims against him under Fed.R.Civ.P. 12(b)(5), alleging not having been served with service process within the 120-day period provided by Fed.R.Civ.P. 4(m) (Docket No. 46).[1]

## II.   DISCUSSION

Rule 16(b) of the Federal Rules of Civil Procedure authorizes courts to enter scheduling orders setting deadlines for completion of discovery, filing of dispositive motions, and other case management related matters. Fed.R.Civ.P. 16(b); O'Connell v. Hyatt Hotels, 357 F.3d 152, 154 (1st Cir. 2003). The primary measure of the good cause standard is the moving party's diligence in attempting to meet the deadline. Id. at 155.

---

[1] Effective December 1, 2015, service of process must be made within 90 days from the filing of the complaint rather than 120. See, Amendment to Fed.R.Civ.P. 4(m) (2015).

In cases where, as here, litigants are faced with an expired deadline, they must show that the failure to request an extension in a timeous manner constitutes excusable neglect. See, Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc., 730 F.3d 23, 26 (1st Cir. 2013)(so holding). Determining the existence vel non of excusable neglect takes into account the totality of circumstances, including whether the record reflects intervening circumstances beyond the party's control. Id. at 27. A lawyer's inattention, without more, normally does not constitute excusable neglect. Id. (citing Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005)).

Pesquera has not explained why, in exercising due diligence, the motion to dismiss could not have been filed within the deadline set forth in the CMO. This, even tough by at least April 29, 2014 – that is, more than ten (10) months prior to the expiration of the deadline to file such motions – he had the information on which he grounds his request readily available to him.[2] Also, the record does not show any circumstances beyond Pesquera's control justifying the filing of a motion to dismiss more than nine (9) months after the deadline to so file had elapsed. See, Rosario-Diaz v. Gonzalez, 140 F.3d 312, 314-315 (1st Cir. 1998)(noting that litigants have an unflagging duty to comply with clearly communicated case-management orders).

### III.   CONCLUSION

The "Motion to Dismiss Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure and Special Appearance, for the Sole Purpose of this Motion, on Behalf of Codefendant Hector Pesquera" (Docket No. 46) lacks support. With that in mind, it is DENIED.

---

[2] Because the complaint was filed on December 24, 2013 (Docket No. 1), plaintiff had until April 28, 2014 to serve process on all defendants. In turn, the court's CMO allowed defendants to file a motion to dismiss not later than March 2, 2015 (Docket No. 27).

Carmen Acosta-Sanchez v. Puerto Rico Police Department, *et al.*
Civil No. 13-1947 (PAD)
Memorandum and Order
Page 4

**SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of December, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
